[No. B114446. Second Dist., Div. Three. Feb. 3, 1999.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v.
RANGER INSURANCE COMPANY, Defendant and Appellant.

**COUNSEL**

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Lloyd W. Pellman, County Counsel, Louis V. Aguilar, Assistant County Counsel, H. Anthony Nicklin, Deputy County Counsel; and Robert E. Ragland for Plaintiff and Respondent.

## OPINION

**CROSKEY, J.**—Ranger Insurance Company (Ranger) appeals from an order which denied its motion to discharge a forfeiture on a bail bond, and from the summary judgment entered on that forfeiture in favor of the County of Los Angeles (the County).[1] Ranger contends the trial court lacked jurisdiction to enter the summary judgment because the judgment was not entered in a timely manner. We find Ranger is estopped to make this argument and we affirm the order denying Ranger's motion to vacate the forfeiture. The appeal from the summary judgment will be dismissed.

### BACKGROUND OF THE CASE

1. *The Bail Bond, the Criminal Defendant's Failure to Appear, and the Forfeiture*

On May 6, 1996, Ranger, through its agent H & H Bail Bonds, posted bail for criminal defendant Amgad Ibraham (Ibraham) in the sum of $30,000. Ibraham failed to appear for a scheduled court appearance on May 17, 1996, without sufficient cause. The court ordered bail forfeited. On May 28, 1996, the clerk mailed a notice of order forfeiting bail to H & H Bail Bonds and to Ranger.

2. *The Motion to Vacate Forfeiture of the Bail Bond and the Extension of Time*

On October 31, 1996, a motion was filed to vacate the forfeiture, exonerate the bail and "toll time on bond."[2] The motion states it was being made by

---

[1]The relevant statutory law is found in Penal Code sections 1305 and 1306, and is discussed *post.* Unless otherwise indicated, all statutory references are to the Penal Code.

An order denying a motion to vacate a forfeiture on a bail bond is appealable. (*People* v. *Sacramento Bail Bonds* (1989) 210 Cal.App.3d 118, 119, fn. 1 [258 Cal.Rptr. 130].) While the summary judgment is a consent judgment and thus generally not appealable, the consent given by Ranger in its written bond is that the forfeiture be made under the terms of sections 1305 and 1306. Thus, an appeal lies when the reviewing court determines the summary judgment was not entered in accordance with those sections. (*People* v. *Surety Ins. Co.* (1985) 165 Cal.App.3d 22, 25, fn. 2 [211 Cal.Rptr. 204].)

[2]Under section 1305, certain situations will enable the surety to have the bail forfeiture set aside, so long as they occur within 180 days of the date of mailing the notice of forfeiture (plus 5 days "to allow for the mailing"). (In the instant case, the 180th day after May 28, 1996, was November 24 and the 185th day was November 29.) Thus, if the defendant appears in court either voluntarily, or in custody after surrender or arrest, and does so within the 185-day period, the surety can have relief. (§ 1305, subd. (c).) Moreover, if the surety, within the statutory period, can show the trial court that (1) the defendant is permanently disabled from appearing in court (such as when the defendant is deceased or otherwise permanently

H & H Bail Bonds in propria persona.[3] The moving papers state the motion was made on the ground that Ibraham's failure to appear in court was "without the knowledge, consent, connivance or collusion of [Ranger] and H & H Bail Bonds."

A reading of section 1305 reveals that it is not sufficient to merely show that the criminal defendant's failure to appear was without the knowledge, consent, connivance or collusion of the surety and the bail agent. Additional information respecting Ibraham was provided to the trial court at the November 14, 1996, hearing on H & H Bail Bonds's motion to vacate/ exonerate/toll. At that hearing, H & H Bail Bonds indicated to the trial court that it believed its investigators had located Ibraham in Phoenix and were staking out the motel at which they believed Ibraham was staying. The trial court advised counsel for H & H Bail Bonds that it would "stay it 30 days from the 180th date. This will be stayed until—toll the time until December 24, 1996." The minute order states: "Court denies motion to set aside the forfeiture. Court tolls time to December 24, 1996."[4]

### 3. *The Demand for Payment on the Bail Bond*

On January 10, 1997, the County mailed notice to Ranger that "all legal time limits have elapsed since the bond . . . was ordered forfeited . . . [and]

---

unable to appear in the court due to illness, insanity, or detention by military or civil authorities), and (2) the absence of the defendant is not due to the connivance of the surety, then the bail forfeiture will be vacated and bail exonerated. (§ 1306, subd. (d).)

Additionally, in the case of a temporary disability, "the court shall order the tolling of the 180-day period provided in this section during the period of temporary disability, provided that it appears to the satisfaction of the court that the following conditions are met: [¶] (1) The defendant is temporarily disabled by reason of illness, insanity, or detention by military or civil authorities. [¶] (2) Based on the temporary disability, the defendant is unable to appear in court during the remainder of the 180-day period. [¶] (3) The absence of the defendant is without the connivance of the bail." (§ 1305, subd. (e).) These provisions in subdivision (e) were apparently the basis for H & H Bail Bonds's October 1996 request to toll time on the running of the statutory time period.

[3]The reporter's transcript for the hearing on the motion indicates an attorney appeared and argued the merits of the motion for H & H Bail Bonds.

[4]In support of its motion to set aside the summary judgment entered on the forfeited bail bond, which is discussed *post*, Ranger submitted as an exhibit a copy of a paper entitled "Minute Order." The paper has the name and case number of Ibraham's case on it. However, it clearly is not an official trial court minute order. It is not on a standard form minute order for criminal trials. It is on a plain sheet of paper. It appears to this court that the paper is the trial court's typed text of its tentative ruling on H & H Bail Bonds's motion to vacate/ exonerate/toll. The tentative decision was to deny all requested relief. As noted above, the trial court provided some relief after hearing information on Ibraham's whereabouts in Arizona. The "minute order" paper also contains handwritten notations of this information, as well as the following handwritten notations: "30 days" and "12-24-96."

We observe that there is no attestation under penalty of perjury that this "minute order" exhibit is a true and correct copy of a paper in the court's file.

not set aside as provided for in Section 1305." The County demanded that Ranger pay the $30,000 to the County.

### 4. *The Nunc Pro Tunc Orders*

Also on January 10, 1997, the trial court issued a nunc pro tunc order which states: "It appearing to the Court that through inadvertence and clerical error, a minute order was not prepared for December 24, 1996, in the above entitled matter, a minute order is initiated nunc pro tunc as of December 24, 1996, as follows: On November 14, 1996, the Court tolled time to set aside bail forfeiture to December 24, 1996. Court order of November 14, 1996, to stand. Bail forfeiture remains forfeited."

Then, on January 28, 1997, the court issued a second nunc pro tunc order to correct its January 10, 1997, nunc pro tunc order. This new order reads: "It appearing to the Court that, through inadvertence and clerical error, the Minute Order dated 01/10/97 does not reflect the Court's order, said Minute Order is ordered corrected nunc pro tunc as of that date, as follows: [¶] To DELETE IN PARAGRAPH 1: 'On November 14, 1996, the Court tolled time to set aside bail forfeiture to December 24, 1996. Court order of November 14, 1996 to stand. Bail forfeiture remains forfeited.' [¶] To ADD IN PARAGRAPH 1: 'The Motion to Set Aside the Bail Forfeiture is taken off calendar as of December 24, 1996. The order of November 14, 1996 forfeiting bail is to stand.' "

Then, on February 13, 1997, the court issued a third nunc pro tunc order which reads: "It appearing to the Court that, through inadvertence and clerical error, the Nunc Pro Tunc order dated 1/28/97 does not reflect the Court's order, said Minute Order is ordered corrected nunc pro tunc as of that date, as follows: [¶] To STRIKE IN PARAGRAPH 2: 'The order of November 14, 1996 forfeiting bail is to stand.' [¶] To ADD IN PARAGRAPH 2: 'The order of May 17, 1996 forfeiting bail is to stand.' "

Thus, with the making of the third nunc pro tunc order, the order for January 10, 1997, stood as follows: "It appearing to the court that through inadvertence and clerical error, a minute order was not prepared for December 24, 1996, in the above entitled matter, a minute order is initiated nunc pro tunc as of December 24, 1996, as follows: The Motion to Set Aside the Bail Forfeiture is taken off calendar as of December 24, 1996. The order of May 17, 1996 forfeiting bail is to stand."

### 5. *The Summary Judgment on the Bail Bond*

On March 7, 1997, the County filed a request to have the court enter a summary judgment on the bail forfeiture. Summary judgment was signed

and filed March 10, 1997. Notice of entry of judgment was served on Ranger and H & H Bail Bonds on March 12, 1997, along with a letter demanding payment on the bail bond.

### 6. *Ranger's Motion to Vacate the Judgment and Discharge the Forfeiture*

In March or early April of 1997, Ranger filed a motion to vacate the summary judgment, discharge the forfeiture, and exonerate the bail. Ranger alleged the trial court lacked jurisdiction to enter the summary judgment because it's entry was not timely.[5] Ranger's analysis was as follows: the trial court lacked jurisdiction to issue a tolling order in the first instance and therefore no tolling properly occurred; thus, the summary judgment should have been entered at an earlier time in order to be proper. The trial court denied this motion. Thereafter, Ranger filed this appeal from the order denying its motion to discharge the forfeiture and from the summary judgment.

### CONTENTIONS ON APPEAL

On appeal, Ranger contends the summary judgment entered on Ibraham's forfeited bail bond is void because it was not timely entered. Ranger contends the trial court lacked jurisdiction to toll the running of the 180-day period because the court was not presented with sufficient facts to warrant a tolling under the temporary disability provisions in section 1305.

The County presents a different analysis of what transpired in the trial court. Despite the fact that in its opposition papers to Ranger's motion to vacate the summary judgment, the County impliedly *agreed* that the trial court's November 14 ruling was a tolling of the 185-day period for having a bail bond forfeiture vacated, now on appeal the County contends the trial court did not actually toll the running of the 185 days by its November 14 ruling but rather stayed the hearing on H & H Bail Bonds's motion to vacate/exonerate/toll, and this staying of the hearing pushed back the time period in which the court had jurisdiction to enter a summary judgment on the forfeiture.

As an alternative basis for defending the summary judgment, the County asserts Ranger should be estopped from contending the trial court had no

---

[5]Section 1306 provides in relevant part: "(a) When any bond is forfeited and the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture . . . shall enter a summary judgment against each bondsman named in the bond . . . . [¶] . . . [¶] (c) If, because of the failure of any court to promptly perform the duties enjoined upon it pursuant to this section, summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated."

jurisdiction to toll the statutory time period since Ranger asked for that very relief.

## DISCUSSION

### 1. *The Nature of the Bail Bond Statutes*

█ The purpose of posting bail is to insure the defendant will make his appearances in court and obey the court's orders and judgment. Forfeiture of a bail bond is not to be viewed as a means of revenue for the government or a punishment of the surety. (*People* v. *North Beach Bonding Co.* (1974) 36 Cal.App.3d 663, 675 [111 Cal.Rptr. 757].) The forfeiture of bail is governed by sections 1305 to 1309. (*People* v. *Ranger Ins. Co.* (1992) 9 Cal.App.4th 1302, 1305 [12 Cal.Rptr.2d 343].) The procedures set out in the sections which are relevant here, sections 1305 and 1306, are jurisdictional prescriptions. (*People* v. *Wilshire Ins. Co.* (1975) 46 Cal.App.3d 216, 219 [119 Cal.Rptr. 917].) Because the law disfavors forfeitures, sections 1305 and 1306 must be strictly construed in favor of the surety to avoid a forfeiture of the bond. (46 Cal.App.3d at p. 220.) "[W]here a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or subject to certain limitations, an act beyond those limits is in excess of its jurisdiction. [Citations.]" (*Burtnett* v. *King* (1949) 33 Cal.2d 805, 807 [205 P.2d 657, 12 A.L.R.2d 333]; accord, *People* v. *Wilshire Ins. Co., supra*, 46 Cal.App.3d at p. 220.) Failure to follow the jurisdictional prescriptions in sections 1305 and 1306 renders a summary judgment on the bail bond void. (*Burtnett, supra*, at p. 807; *Wilshire Ins. Co., supra*, at p. 221.)

### 2. *The Provisions of Sections 1305 and 1306 Respecting Bail Forfeiture and Summary Judgment*

As noted in footnote 2, *ante*, the time limit for vacating a forfeiture of a bail and exonerating the bail is 185 days of the date of mailing the notice of forfeiture. An exception exists where this statutory time period is tolled because the trial court has been shown the defendant is temporarily disabled from appearing in court. As noted in footnote 5, *ante*, unless the summary judgment on a bail bond forfeiture is entered within 90 days after the day on which it may first be entered, i.e., after the 185-day period of time has passed, the summary judgment is invalid.

### 3. *Application of Sections 1305 and 1306 to This Case*

█ Here, the bond was forfeited and the 185th day after the day of forfeiture was the end of the day on November 29, 1996. The forfeiture had

not been set aside by then. This means that absent a tolling period, the trial court could enter summary judgment on the forfeited bail bond on November 30, 1996, and under section 1306 the trial court had no more than 90 days thereafter to enter its summary judgment. The 90th day after November 30, 1996 was February 28, 1997. That was the last day on which summary judgment could be entered absent a tolling of the 185 days by the court. However, the summary judgment was not signed and filed until March 10, 1997.

Ranger contends the trial court had no jurisdiction to toll, on November 14, 1996, the running of the 185 days, because none of the information presented to the court in H & H Bail Bonds's moving papers, and none of the information presented at the hearing on the motion on November 14, fell within the statutory guidelines for when the running of the section 1305 time period can be tolled. (See fn. 2, *ante.*)

The County contends that on November 14, the trial court did not actually toll the running of the 185 days but instead stayed, to December 24, the hearing on H & H Bail Bonds's motion to vacate/exonerate/toll, and this staying of the hearing pushed back the time period in which the court had jurisdiction to enter a summary judgment on the forfeiture, such that entry of the summary judgment was thus timely.[6] The County contends the November 14 minute order does not truly reflect what it was that the trial court stated at the November 14 hearing it would do with H & H Bail Bonds's motion. As noted above, this is a new theory which the County is presenting. In the trial court, the County implied agreed, in its opposition papers, that the trial court tolled the running of the statutory time period for vacating forfeitures.

Ranger strongly contests this notion that the trial court stayed the hearing on the motion. Ranger contends that what the trial court *did* do was attempt to toll the running of the 185-day period for vacating a bail bond forfeiture; but, asserts Ranger, the court was without the required facts to properly toll the statutory time period.

### 4. *The Issue of Estoppel*

We have no need to decide whether the intent of the trial court's ruling on November 14, 1996, was to toll section 1305's 185-day time period or

---

[6]The source of the County's "staying" theory comes from subdivision (c)(4) of section 1305, which states in relevant part: "A motion filed in a timely manner within the 180-day period may be heard within 30 days of the expiration of the 180-day period." Apparently the County is contending the court *continued* the hearing on H & H Bail Bonds's motion to vacate the forfeiture, exonerate the bail, and toll time.

continue the hearing on the motion to December 24. Nor do we need to decide if what the trial court did respecting the December 24 date could even properly come within the section 1305, subdivision (c)(4). Rather, we will assume that Ranger's position is correct and a tolling was provided by the trial court, and we will decide this appeal based on estoppel principles. (*In re Griffin* (1967) 67 Cal.2d 343 [62 Cal.Rptr. 1, 431 P.2d 625].)

In *In re Griffin*, the Supreme Court was presented with a case wherein a criminal defendant, who had been given three years' probation, and who had continuously violated the terms of that probation, appeared in court on a probation hearing near the end of the three-year term. He requested a continuance for a month to obtain private counsel, and his request was granted even though this put the new hearing date at a point in time when the three-year probation had already expired. At the continued hearing, the court revoked probation. Later, the defendant challenged the probation revocation, contending the court had acted without jurisdiction. The Supreme Court acknowledged that (1) probation revocation was controlled by a statute which provided that revocation could be made "at any time during the period of probation," and (2) a court thus loses power to revoke probation after the probationary period has expired. The court also acknowledged the rule that jurisdiction cannot be conferred by estoppel; however, the court stated this rule relates to *subject matter* jurisdiction. In contrast, when a trial court revokes probation after the term of probation has expired, it cannot be said that the trial court lacked jurisdiction over the cause but rather acted in *excess of jurisdiction*. The court said that "[w]hen, as here, the court has jurisdiction of the subject, a party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action in excess of jurisdiction. [Citations.] Whether he shall be estopped depends on the importance of the irregularity[,] not only to the parties but to the functioning of the courts[,] and in some instances on other considerations of public policy. A litigant who has stipulated to a procedure in excess of jurisdiction may be estopped to question it when 'To hold otherwise would permit the parties to trifle with the courts.' (*City of Los Angeles* v. *Cole* (1946) . . . 28 Cal.2d 509, 515 [170 P.2d 928].)" (*In re Griffin, supra,* 67 Cal.2d at pp. 347-348.) The *Griffin* court noted that "[s]ubstantive rules based on public policy sometimes control the allowance or disallowance of estoppel. For example, *People* v. *Blakeman* (1959) . . . 170 Cal.App.2d 596, 598 [339 P.2d 202] held that a defendant who requested and received probation conditioned on banishment was not estopped to attack the condition, for public policy forbids banishment . . . ." (*Id.* at p. 348.)

In the instant case, Ranger, through its agent H & H Bail Bonds, came to the trial court on November 14, 1996, with its hat in hand, seeking and

receiving a favor—the tolling of the statutory time period in which to have the forfeiture on its bond vacated. Having been handed the favor, Ranger now seeks to bite the hand from which the favor was obtained by contending the trial court was without authority to toll the running of the 185-day period because H & H Bail Bonds had not presented the trial court with sufficient information to warrant such a tolling. Can there be any doubt that if Ranger had, within the 30-day extension of the 185-day period, presented the court with facts proving a temporary disability of Ibraham (or presented the court with Ibraham himself), Ranger would have expected the trial court to vacate the forfeiture and exonerate the bail? We will not permit Ranger to "trifle with the courts." The upshot of Ranger's/H & H Bail Bonds's request for, and receipt of, a tolling will be that Ranger will find no relief in this court. Unlike the public policy against banishing criminal defendants, there is no public policy against the forfeiture of bail bonds.

### DISPOSITION

The order denying Ranger's request to vacate the forfeiture of the bail bond is affirmed. The appeal from the summary judgment is dismissed. Costs on appeal to the County.

Klein, P. J., and Kitching, J., concurred.

A petition for a rehearing was denied March 4, 1999, and appellant's petition for review by the Supreme Court was denied April 28, 1999.