175 Cal.App.4th 1426 (2009)
THE PEOPLE, Plaintiff and Respondent,
v.
INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, Defendant and Appellant.
No. B208691.
Court of Appeals of California, Second District, Division Three.
July 21, 2009.
*1427 Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.
Two Jinn, Inc., Peter A. Botz, Robert Tomlin White and Toni L. Martinson for Indiana Lumbermens Mutual Insurance Company as Amicus Curiae on behalf of Defendant and Appellant.
Raymond G. Fortner, Jr., County Counsel, and Jason C. Carnevale, Deputy County Counsel, for Plaintiff and Respondent.

*1428 OPINION
KLEIN, P. J.
Defendant and appellant Indiana Lumbermens Mutual Insurance Company (the Surety) appeals a postjudgment order denying its motion to vacate summary judgment and forfeiture and exonerate bond.
The defendant, one Laimbeer, failed to appear and bail was forfeited. Some three months later, Laimbeer was surrendered to custody in the underlying case, outside the county where the case is located. (Pen. Code, § 1305, subd. (c)(3).)[1] Under these circumstances, the Surety was not required to file a motion to vacate the forfeiture and exonerate the bond within the 180-day period. (People v. Ranger Ins. Co. (2006) 141 Cal.App.4th 867, 870-871 [46 Cal.Rptr.3d 448] (Ranger); contra, People v. Lexington National Ins. Co. (2007) 158 Cal.App.4th 370, 374-375 [69 Cal.Rptr.3d 738] (Lexington).) Presented with a split of authority, we follow the Ranger decision rather than Lexington because the Ranger interpretation is supported by the language of the statute and avoids a forfeiture. We hold it was sufficient that Laimbeer was surrendered to custody, outside the county, in the underlying case within the 180-day period. (§ 1305, subd. (c)(3).)
We further conclude the Surety's postjudgment motion to vacate was timely because the summary judgment was void and therefore was subject to attack at any time. The summary judgment was not entered in accordance with the consent to judgment given by the Suretythe Surety did not consent to entry of summary judgment on the forfeited bond in the event defendant were surrendered to custody within the 180-day period. (§ 1305, subd. (c)(3).)
Accordingly, the order is reversed with directions.

FACTUAL AND PROCEDURAL BACKGROUND
On March 17, 2007, the Surety's agent, The Bail Hotline Bail Bonds, posted bail in the amount of $35,000 for the release of Laimbeer from custody on charges pending in the superior court in Los Angeles County (the County).
On April 18, 2007, Laimbeer failed to appear. The trial court ordered the bail forfeited and issued a bench warrant. Notice of forfeiture was mailed on the same date. The notice indicated the Surety may, "within 185 days from *1429 the date of the mailing of this notice surrender the defendant to the court or to custody or appear in court to make a motion to set aside the forfeiture of bail/bond."[2]
On July 16, 2007, about three months after Laimbeer failed to appear, he was arrested by the Surety's agent and surrendered to the County of San Bernardino Sheriff's Department. He was subsequently incarcerated at the California Correctional Institution in Tehachapi.
On December 4, 2007, summary judgment was entered on the forfeited bond pursuant to the clerk's application. Notice of entry of judgment was served the same day.
On January 2, 2008, the Surety filed a motion to vacate April 18, 2007 forfeiture and the December 4, 2007 summary judgment, and to exonerate the bond. The Surety contended Laimbeer's arrest in the underlying case within the 180-day period of section 1305 entitled the Surety to relief from the summary judgment and the forfeiture. The Surety relied on Ranger, supra, 141 Cal.App.4th 867, a decision by Division Six of the Second Appellate District, for the proposition that when a defendant whose bail was forfeited is arrested outside of the county where the case is located within the 180-day period of section 1305, a surety has no time constraints to bring a motion to vacate the forfeiture. Here, Laimbeer was arrested and taken into custody in San Bernardino County some three months after the subject bail bond forfeiture. Therefore, the Surety was entitled to relief from the summary judgment and forfeiture, irrespective of the date the Surety filed its motion to vacate the forfeiture.
The County filed opposition papers, contending the trial court lacked jurisdiction to vacate the forfeiture. The County acknowledged the Ranger decision (Ranger, supra, 141 Cal.App.4th 867) but argued the trial court should follow Lexington, supra, 158 Cal.App.4th 370, from the Third Appellate District, which disagreed with Ranger. Lexington held a motion to exonerate a bond pursuant to section 1305, subdivision (c)(3) is not exempt from the requirement that a surety file a motion to exonerate the bond within 185 days of the mailing of the notice of forfeiture. (Lexington, supra, 158 Cal.App.4th at pp. 374-375.)
On May 23, 2008, the matter came on for hearing. The trial court opined "both the Ranger ... and the Lexington analyses are well reasoned .... The court simply feels that there are clearer reasons under the Lexington decision."
*1430 On June 13, 2008, the Surety filed a timely notice of appeal from the order denying its motion to vacate the summary judgment.[3]

CONTENTIONS
The Surety contends a surety is not required to file a motion to vacate the forfeiture before the expiration of the exoneration period when the defendant is arrested outside the county in the underlying case.

DISCUSSION

1. General principles relating to the bail bond statutes.

(1) "Certain fixed legal principles guide us in the construction of bail statutes. The law traditionally disfavors forfeitures and this disfavor extends to forfeiture of bail. People v. United Bonding Ins. Co. (1971) 5 Cal.3d 898, 906 [98 Cal.Rptr. 57, 489 P.2d 1385].) Thus, sections 1305 and 1306 must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture. (People v. Surety Ins. Co. (1982) 136 Cal.App.3d 556, 561 [186 Cal.Rptr. 385].)" (People v. Surety Ins. Co. (1985) 165 Cal.App.3d 22, 26 [211 Cal.Rptr. 204]; accord, County of Los Angeles v. Ranger Ins. Co. (1999) 70 Cal.App.4th 10, 16 [82 Cal.Rptr.2d 214].)
(2) We are also guided by the principle that "[t]he object of bail and its forfeiture is to insure the attendance of the accused and his obedience to the orders and judgment of the court. In matters of this kind there should be no element of revenue to the state nor punishment of the surety. [Citation.]" (People v. Wilcox (1960) 53 Cal.2d 651, 656-657 [2 Cal.Rptr. 754, 349 P.2d 522]; accord, People v. Ranger Ins. Co. (2002) 99 Cal.App.4th 1229, 1234 [122 Cal.Rptr.2d 371]; People v. Alistar Ins. Co. (2003) 115 Cal.App.4th 122, 129 [9 Cal.Rptr.3d 497].)

2. Split of authority exists with respect to time to file a motion to vacate forfeiture and exonerate bond if defendant is surrendered or arrested outside the county; the Ranger view properly avoids a forfeiture and recognizes the purpose of bail is to guarantee a defendant's presence.

a. Statutory scheme.

With respect to vacation of forfeiture and exoneration of bond, section 1305 states in relevant part at subdivision (c):
*1431 "(c)(1) If the defendant appears either voluntarily or in custody after surrender or arrest in court within 180 days of the date of forfeiture or within 180 days of the date of mailing of the notice if the notice is required under subdivision (b), the court shall, on its own motion at the time the defendant first appears in court on the case in which the forfeiture was entered, direct the order of forfeiture to be vacated and the bond exonerated....
"(2) If, within the county where the case is located, the defendant is surrendered to custody by the bail or is arrested in the underlying case within the 180-day period, and is subsequently released from custody prior to an appearance in court, the court shall, on its own motion, direct the order of forfeiture to be vacated and the bond exonerated....
"(3) If, outside the county where the case is located, the defendant is surrendered to custody by the bail or is arrested in the underlying case within the 180-day period, the court shall vacate the forfeiture and exonerate the bail." (§ 1305, subd. (c), italics added.)

b. The Ranger decision.

In Ranger, supra, 141 Cal.App.4th 867, on November 3, 2003, the defendant failed to appear in Ventura County and the court declared the bond forfeited. The next day, the defendant was arrested in Santa Barbara County and held in the county jail on the Ventura County case. Even though the defendant remained in custody, the surety therein did not move to exonerate the bond. On June 30, 2004, more than 185 days after notice of forfeiture, the court entered summary judgment on the bond. On July 8, 2004, the surety unsuccessfully moved to vacate summary judgment and exonerate the bond. (Id. at p. 869.)
Ranger reversed, explaining: "Section 1305, subdivision (c)(3), does not require that a motion to exonerate the bail be brought within 180 days. And the Legislative Counsel's Digest, at the very least, evidences no intent that bail should be forfeited when the surety makes its motion to exonerate the bail beyond the 180 days. What is significant here is that the defendant was in custody within 180 days of the notice of forfeiture. In fact, it was within one day. Moreover, defendant was arrested and in custody on the case in which his bail was forfeited. The county has cited no cases, and we have found none, where under these circumstances the court loses jurisdiction when the surety does not move to vacate the forfeiture within 180 days. [¶] Bail insures the accused's attendance at court proceedings. The surety is guarantor of defendant's presence. When defendant is in custody for the case in which bail is set, that guarantee is met. That is what happened here. Defendant `showed up,' albeit not voluntarily. That is 100 percent success for *1432 the surety. The county does not gain a windfall." (Ranger, supra, 141 Cal.App.4th at p. 871, italics added.) Ranger concluded that under the circumstances presented, "the surety has no time constraints in which to move to exonerate the bond." (Id. at p. 869.)

c. The Lexington decision.

Lexington, supra, 158 Cal.App.4th 370, involved a similar fact situation. The defendant failed to appear in Yolo County and bail was forfeited. The 185th day from the date of mailing of notice of forfeiture was December 23, 2005. On or before December 21, 2005, the defendant was arrested in Sutter County and a hold was placed on him in the Yolo County case. On December 27, 2005, after the expiration of the 185-day period, the surety filed a motion to vacate the forfeiture and exonerate the bond, on the ground the defendant was in the custody of the Sutter County Sheriff in the underlying Yolo County case on December 21, 2005. The trial court denied the motion as untimely. (Id. at p. 372.)
The Lexington court affirmed. It declined to follow Ranger, finding "its holding is at odds with the plain language of section 1305." (Lexington, supra, 158 Cal.App.4th at p. 374.) Lexington stated: "[S]ection 1305, subdivision (c)(3) provides: `If, outside the county where the case is located, the defendant is surrendered to custody by the bail or is arrested in the underlying case within the 180-day period, the court shall vacate the forfeiture and exonerate the bail.' The Ranger court is correct that `Section 1305, subdivision (c)(3), does not require that a motion to exonerate the bail be brought within 180 days.' (Ranger, supra, 141 Cal.App.4th at p. 871.)[4]However, such a requirement is found in section 1305, subdivision (i), which provides that, `A motion filed in a timely manner within the 180-day period may be heard within 30 days of the expiration of the 180-day period.'" (Lexington, supra, 158 Cal.App.4th at p. 374, italics added.)[5]
Lexington concluded: "Thus, although defendant was in custody in the underlying case within the statutory period, we cannot ignore the plain language of the statute. If the Legislature finds the failure to vacate the *1433 forfeiture and exonerate the bond unjust in such cases, it can amend the statute." (Lexington, supra, 158 Cal.App.4th at p. 375, fn. omitted.)

d. Principles governing construction of bail statutes lead us to conclude the Ranger decision sets forth the better view.

The conflict which has arisen in this area indicates section 1305 is not a model of clarity. The disagreement between Ranger and Lexington demonstrates an ambiguity in the statute with respect to the timing for filing a motion to vacate a forfeiture if the defendant is surrendered to custody or arrested outside the county in which the case is located.
Our resolution of the issue is facilitated by basic principles governing bail statutes. To reiterate, the law traditionally disfavors forfeitures and this disfavor extends to forfeiture of bail. (People v. United Bonding Ins. Co., supra, 5 Cal.3d at p. 906.) Therefore, section 1305 must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture. (County of Los Angeles v. Ranger Ins. Co, supra, 70 Cal.App.4th at p. 16.) Accordingly, given a choice between Lexington's interpretation of section 1305, which would compel a forfeiture herein, and Ranger's interpretation of the statute, which would avoid one, our choice is clear.
Further, in this case, as in Ranger and Lexington, defendant was in custody in the underlying case within the 185-day period, albeit in a different county. (Ranger, supra, 141 Cal.App.4th at p. 869; Lexington, supra, 158 Cal.App.4th at pp. 372, 375, fn. 6.) The delay merely related to the Surety's filing of a motion to vacate the forfeiture and exonerate the bond. A forfeiture under these circumstances, in which the purpose of bail has been served, would amount to an improper windfall for the County. (People v. Wilcox, supra, 53 Cal.2d at p. 657; Ranger, supra, 141 Cal.App.4th at p. 871.)
(3) For these reasons, we align ourselves with the analysis set forth in Ranger.[6] We conclude the Surety was not required to file a motion to vacate forfeiture and exonerate bond within the 180-day period. (§ 1305, subd. (c)(3).) It was sufficient that Laimbeer had been surrendered to custody in the underlying case outside the County within the 180-day period. (Ibid.)
The remaining issue is the timeliness of the Surety's postjudgment motion to vacate the summary judgment.

*1434 e. Because Laimbeer was surrendered to custody within 180 days, the trial court lacked jurisdiction to enter summary judgment on the forfeited bond; the summary judgment was void and therefore was subject to attack at any time.

The record reflects that on December 4, 2007, the court entered summary judgment on the forfeited bond. That same day, the clerk served notice of entry of judgment on the Surety and its agent. Twenty-nine days later, on January 2, 2008, the Surety filed its motion to vacate the summary judgment, as well as to vacate the forfeiture and exonerate the bond.[7]
In seeking relief from the judgment, the Surety contended the postjudgment motion to vacate was timely because the summary judgment was void and could be attacked at any time. The contention has merit.
(4) The procedures set forth in the bail statutes, "sections 1305 and 1306 are jurisdictional directives and acts taken by the court outside of those directives are in excess of the court's jurisdiction and void." (People v. International Fidelity Ins. Co. (2007) 151 Cal.App.4th 1056, 1060 [60 Cal.Rptr.3d 355].) Although the bail bond itself authorizes the entry of summary judgment, the summary judgment is void if it is not entered pursuant to the terms of the consent contained in the bond, which requires compliance with the jurisdictional prescriptions contained in sections 1305 and 1306. (County of Los Angeles v. American Bankers Ins. Co. (1996) 44 Cal.App.4th 792, 795 [52 Cal.Rptr.2d 75].)[8]
Here, the trial court lacked jurisdiction on December 4, 2007, to enter summary judgment on the bail forfeiture because Laimbeer had been surrendered to the County of San Bernardino Sheriff's Department on July 16, 2007, about three months after the court ordered the bail forfeited for Laimbeer's failure to appear. Under these circumstances, Laimbeer having been surrendered to custody outside the County within the 180-day period, the trial court had a mandatory duty to vacate the forfeiture and exonerate the bond. (§ 1305, subd. (c)(3) [the court "shall" vacate the forfeiture and exonerate the bond].)
*1435 On July 16, 2007, once Laimbeer was surrendered to custody, the Surety had fulfilled its obligation under the bail contract. Thus, the December 4, 2007 summary judgment was not entered in accordance with the consent to judgment given by the Suretythe Surety did not consent to entry of summary judgment on the forfeited bond in the event defendant were surrendered to custody within the 180-day period. (§ 1305, subd. (c)(3).)
Because the summary judgment was void, it was subject to attack at any time. Therefore, the Surety was entitled to a grant of its postjudgment motion to vacate the summary judgment, irrespective of the time limitations set forth in Code of Civil Procedure section 663a.

DISPOSITION
The order is reversed with directions to grant the motion to vacate the summary judgment and to vacate the forfeiture and exonerate the bond. The Surety shall recover its costs on appeal.
Croskey, J., and Aldrich, J., concurred.
NOTES
[1] All statutory references are to the Penal Code, unless otherwise specified.
[2] If service of the bail forfeiture order is made by mail, the 180-day period is extended by five days. (§ 1305, subd. (b); People v. Ranger Ins. Co. (2000) 77 Cal.App.4th 813, 818-819 [91 Cal.Rptr.2d 907].)
[3] The order denying the motion to vacate the judgment is appealable as an order after judgment. (Code Civ. Proc., § 904.1, subd. (a)(2).)
[4] We agree with both Ranger and Lexington that section 1305, subdivision (c)(3), does not require a motion to exonerate bail be brought within 180 days. (Ranger, supra, 141 Cal.App.4th at p. 871; Lexington, supra, 158 Cal.App.4th at p. 374.)
[5] Subdivision (i) of section 1305 states: "A motion filed in a timely manner within the 180-day period may be heard within 30 days of the expiration of the 180-day period. The court may extend the 30-day period upon a showing of good cause. [¶] The motion may be made by the surety insurer, the bail agent, the surety, or the depositor of money or property, any of whom may appear in person or through an attorney. The court, in its discretion, may require that the moving party provide 10 days prior notice to the applicable prosecuting agency, as a condition precedent to granting the motion."
[6] We note the Supreme Court denied a petition for review in Ranger, supra, 141 Cal.App.4th at page 871, and denied a request for depublication in Lexington, supra, 158 Cal.App.4th 370. In any event, this conflict ultimately will have to be resolved either by the Supreme Court or by the Legislature.
[7] In an ordinary case, a motion to vacate a judgment must be filed within 15 days of mailing of notice of entry of judgment by the clerk. (Code Civ. Proc., § 663a.) In Ranger, supra, 141 Cal.App.4th at page 869, the surety made a motion to vacate the summary judgment a mere eight days after entry of summary judgment on the bond. Therefore, Ranger was not called upon to address whether the surety was required to bring its motion to vacate within 15 days of notice of entry of judgment.
[8] In the instant case, the bail bond states in relevant part: "If the forfeiture of this bond be ordered by the Court, judgment may be summarily made and entered forthwith against the INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, an Indiana Corporation, for the amount of its undertakings herein, as provided by Sections 1305 and 1306 of the California Penal Code." (Italics added.)