Filed 4/29/14  P. v. Financial Casualty & Surety CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063699 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2012-0079189-CU-EN-SC) |
| FINANCIAL CASUALTY & SURETY, INC., | |
| Defendant and Appellant. | |

APPEAL from an order and judgment of the Superior Court of San Diego County, Stephanie Sontag, Lisa C. Schall and Timothy R. Walsh, Judges.  Affirmed.

E. Alan Nunez for Defendant and Appellant.

Thomas E. Montgomery, County Counsel and Thomas Deak, Senior Deputy County Counsel, for Plaintiff and Respondent.

INTRODUCTION

This is the second appeal in which surety Financial Casualty & Surety, Inc. (Financial) seeks to be relieved of its obligations under a bail bond. Finding the first appeal wholly without merit, we denied Financial's motion to vacate the bail bond forfeiture after concluding the addition of prior convictions to the criminal complaint did not change the circumstances under which the bail bond was issued. (*People v. Financial Casualty & Surety, Inc.* (Aug. 2, 2012, D061015) [nonpub.opn.].)

In this second appeal, Financial argues the trial court lost jurisdiction during the first appeal to enter summary judgment on the forfeiture under Penal Code section 1306[1] because the court did not have the power to stay the proceedings, even though it did so at Financial's request. Again, we find Financial's appeal without merit and affirm. Financial is estopped from asserting a jurisdictional defect of its own making. It may not challenge the court's authority to stay the bail bond proceedings pending appeal as beyond the court's jurisdiction when Financial requested the stay.

FACTUAL AND PROCEDURAL BACKGROUND

Financial posted a $25,000 bail bond in June 2010 to guarantee the appearance of Victor Resendiz in a criminal case. When Resendiz failed to appear for a court appearance, the court ordered his bail forfeited and mailed notice of the forfeiture on November 23, 2010.

---

1    All further statutory references are to the Penal Code.

2

At Financial's request, the trial court extended the 180-day period to set aside the forfeiture. At the conclusion of the October 21, 2011 hearing on Financial's motion to vacate the forfeiture, the clerk of the court asked if Financial needed more time on the forfeiture. Counsel for Financial announced it would appeal and stated the time for the forfeiture should be stayed. He asked, "that efforts to collect the forfeiture not be instituted . . . until we have a final judgment." As requested, the court issued a stay of the judgment pending the appeal. The court entered its order denying the request to vacate forfeiture of the bond on November 4, 2011.

We issued our decision in the first appeal on August 2, 2012 and affirmed the order denying the motion to vacate. (*People v. Financial Casualty & Surety, Inc.*, *supra*, D061015.) Thereafter, the trial court entered summary judgment on the forfeiture on October 31, 2012.

Financial moved to set aside the summary judgment and discharge the forfeiture arguing the court lacked jurisdiction to enter summary judgment because it did not do so within 90 days after it denied the motion to vacate forfeiture. The People opposed the motion arguing Financial is estopped from challenging the stay of judgment because it requested the stay.

The court denied the motion stating, "[s]ince Financial requested the court stay the entry of judgment, it is estopped from arguing the court was without jurisdiction to enter summary judgment beyond the 90-day time frame" set forth in section 1306, subdivision (c).

3

DISCUSSION

I

*Overview of Bail Forfeiture Statutes*

When a defendant for whom bail has been posted fails to appear as ordered, the court declares the bail forfeited and provides notice of forfeiture to the surety and the bail agent as required by statute.  (§ 1305, subds. (a) & (b).)  If the defendant appears within 180 days of the mailing of the notice of forfeiture, plus five days for service by mail, the court must vacate the forfeiture and exonerate the bond.  (§ 1305, subd. (c)(1).)  This 185-day period may be extended by motion no more than 180 days for a total "appearance period" of 365 days.  (§ 1305.4; *People v. Accredited Surety & Casualty Co., Inc.* (2013) 220 Cal.App.4th 1137, 1148 (*Accredited Surety*).)

The court must enter summary judgment within 90 days after the appearance period elapses without the forfeiture being set aside or, after a motion to vacate is decided, if filed prior to expiration of the appearance period but decided after expiration of the period.  (§ 1306, subd. (c); *People v. Granite State Insurance Co.* (2003) 114 Cal.App.4th 758, 763, 770 [90-day period to enter summary judgment commences the day following the denial of a timely motion to vacate forfeiture is decided, if decided after expiration of appearance period].)  Once summary judgment is entered, the district attorney or county counsel must commence enforcement efforts.  (§ 1306, subd. (e).)  "If, *because of the failure of any court to promptly perform the duties enjoined upon it pursuant to this section*, summary judgment is not entered within 90 days after the date

4

upon which it may first be entered, the right to do so expires and the bail is exonerated."

(§ 1306, subd. (c), italics added.)

## II

*Estoppel Prevents Financial From Setting Aside Summary Judgment, Even if Entered in Excess of the Court's Jurisdiction*

In this case, summary judgment was not entered within 90 days of either when the total appearance period would have lapsed (absent a stay) or entry of the order denying the motion to vacate the forfeiture. The order denying the motion to vacate was entered on November 4, 2011 and summary judgment was not entered until October 31, 2012, after the first appeal concluded. The record does not indicate this was due to a failure of the court to promptly perform a duty required under the statutory scheme. Instead, the court stayed entry of summary judgment, *at Financial's request*, to permit Financial to pursue an appeal before enforcement efforts commenced.

Nevertheless, Financial argues the court did not have authority to stay the proceedings because the statute does not address the possibility of a stay of entry of summary judgment. As a result, Financial argues the entry of summary judgment was void because the court did not have jurisdiction to enter judgment more than 90 days after it denied the motion to vacate. The People argue the court has, among its inherent powers, the power to control the proceedings before it. Since, the inherent powers of the courts "are derived from the state Constitution and are not confined by or dependent on statute" (*Cottle v. Superior Court* (1992) 3 Cal.App.4th 1367, 1377), the People argue the court had the power to stay the bail bond proceedings. We need not reach the issue of

whether the court has the power to enter a stay of the bail bond proceedings because we decide this appeal on estoppel principles. (*County of Los Angeles v. Ranger Ins. Co.* (1999) 70 Cal.App.4th 10, 18 (*Ranger I*).)

The Supreme Court in *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653 explained there are two types of jurisdictional errors. A court may lack jurisdiction in a fundamental sense meaning " 'an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties,' " which renders a judgment void and subject to attack at any time. (*Id*. at p. 660.) It may also lack jurisdiction when, " 'though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no "jurisdiction" (or power) to act except in a particular manner, or to give certain kinds of relief.' " (*Id.* at p. 661.) In the later instance, "[w]hen a court has fundamental jurisdiction, but acts in excess of its jurisdiction, its act or judgment is merely voidable. [Citations.] That is, its act or judgment is valid until it is set aside, and a party may be precluded from setting it aside by 'principles of estoppel, disfavor of collateral attack or res judicata.' " (*Ibid*.)

The jurisdiction at issue in this case is of the second type. The court had fundamental jurisdiction over the subject matter and the parties at the time it entered the stay. If the court did not have authority to stay the proceedings, the court's entry of the stay order and the subsequent entry of summary judgment after expiration of the 90-day period were acts in excess of its jurisdiction. (*Accredited Surety*, *supra*, 220 Cal.App.4th at p. 1149.) The resulting judgment is merely voidable and Financial may be estopped

6

from asserting a jurisdictional challenge because it invited the court to exceed its jurisidiction in granting the stay.

Financial argues jurisdiction cannot be conferred by consent or estoppel. However, the Supreme Court has explained the rule cited by Financial "relates to subject matter jurisdiction, the court's power to hear and determine the cause." (*In re Griffin* (1967) 67 Cal.2d 343, 346.) When the court has subject matter jurisdiction, "[t]here is substantial authority for the proposition that a party who has invoked or consented to the exercise of jurisdiction beyond the court's authority may be precluded from challenging it afterward." (2 Witkin, Cal. Procedure (5th ed. 2008) Jurisdiction, § 333, p. 949.) "[A] party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action in excess of jurisdiction." (*In re Griffin*, *supra*, 67 Cal.2d at p. 347.)[2]

In the context of bail proceedings, courts apply estoppel to prevent sureties from challenging jurisdiction when their conduct resulted in entry of summary judgment beyond the statutory 90-day period. In *Ranger I*, *supra*, 70 Cal.App.4th 10, the court held the surety was estopped from arguing summary judgment was not timely entered

_____

[2]     To support its argument, Financial relies on *Tabor v. Superior Court of Los Angeles County* (1946) 28 Cal.2d 505, 508, which held a "premature notice of intention to move for a new trial was 'a nullity and ineffectual for any purpose' and that in the absence of the filing of a timely notice, [the] court was without power to entertain the motion." The Supreme Court rejected this argument (asserted by the same attorney) in the context of the bail forfeiture statutes by distinguishing *Tabor* as an attack by extraordinary writ while the trial court proceeding was ongoing rather than a collateral attack on a voidable but final judgment. (*People v. American Contractors Indemnity Co.,* *supra,* 33 Cal.4th at p. 665.)

because the surety asked the court to toll the appearance period and then argued the court had no jurisdiction to issue the tolling order. (*Id*. at pp. 12, 15.) The court rejected the surety's argument stating, "Ranger . . . came to the trial court . . . with its hat in hand, seeking and receiving a favor—the tolling of the statutory time period in which to have the forfeiture on its bond vacated. Having been handed the favor, Ranger now seeks to bite the hand from which the favor was obtained by contending the trial court was without authority to toll the running of the 185-day." (*Id*. at pp. 18-19.) "We will not permit Ranger to 'trifle with the courts.' " (*Id*. at p. 19.)

In *People v. National Automobile & Casualty Ins. Co.* (2000) 82 Cal.App.4th 120, the surety stipulated to extend the appearance period after the statutory deadline expired. (*Id.* at pp. 123, 125.) The court held the surety was estopped from challenging the extension of the appearance period and the late entry of summary judgment stating, "although the trial court had acted in excess of its jurisdiction when it extended the appearance period, the [s]urety here is estopped from challenging those orders. Since its challenges to the summary judgments are premised upon the alleged invalidity of those orders, those challenges also fail." (*Id*. at p. 127.)

The court in *People v. Bankers Ins. Co.* (2010) 182 Cal.App.4th 1377, 1385 followed these authorities and applied estoppel to prevent a surety from challenging the court's jurisdiction to enter summary judgment after it sought an extension of the appearance period. The court concluded, "the surety's affirmative conduct makes it appropriate to estop it from challenging the trial court's erroneous extension of the appearance period. To rule otherwise . . . would create a wholly unacceptable precedent,

8

encouraging sureties to request multiple extensions from busy judges and, when their requests are honored and they nevertheless cannot produce the defendant, claim that they were wrong to have asked for further time and the judge should not have listened to their entreaties. To permit the surety to have it both ways—to obtain more time to avoid forfeiture of the bond, and then to have the bond exonerated because the judge gave them more time—would be to allow an intolerable manipulation of the trial courts. This we cannot and will not condone." (*Id.* at p. 1386.)

In *Accredited Surety*, *supra*, 220 Cal.App.4th 1137, a surety sought an extension of time to move for relief from forfeiture. It filed its motion on the 185th day of the initial appearance period and left a blank in the proposed order for the end date. The People did not oppose the request and suggested the statutory deadline be extended "180 days from the date of the hearing on this motion," which resulted in an appearance period greater than 365 days and summary judgment entered more than 90 days after the expiration of the 365-day period. (*Id.* at p. 1141.) The appellate court held the surety was estopped from challenging the timeliness of the summary judgment because "it acquiesced in the scheduling error leading to the late entry of the summary judgment." (*Id.* at pp. 1140, 1150-1151.) Since the surety did not advise the trial court the deadline should be set earlier, the appellate court determined the failure to object was sufficient to constitute consent or acquiescence. (*Id.* at p. 1150.) " 'A party cannot sit idly by and permit action to be taken and later say that it had not consented.' " (*Ibid.*, quoting *Bel Mar Estates v. California Coastal Com.* (1981) 115 Cal.App.3d 936, 940.)

9

In this same vein, the court in *Mt. Holyoke Homes, LP v. California Coastal Com.* (2008) 167 Cal.App.4th 803, 842 held a developer was estopped to contest the California Coastal Commission's jurisdiction to hear administrative appeal when it participated in the proceedings for years before asserting the commission lost jurisdiction for failure to comply with time period for hearing.  The court noted the developer's actions constituted acquiescence to jurisdiction or, alternatively, invited error.  (*Ibid.*)

We agree with these authorities and conclude Financial is estopped from challenging the court's jurisdiction to enter summary judgment after it lost an appeal, having obtained a stay for the purpose of pursing the appeal.  Financial initially moved to vacate the forfeiture arguing it should be relieved of its obligation under the bond because the complaint filed against the criminal defendant had allegations greater than the "charges" for which he was arrested.  When the trial court denied this motion, the court clerk asked if it wanted more time on the forfeiture.[3]  Counsel responded by saying the matter should be stayed pending an appeal and asked, "that efforts to collect the forfeiture not be instituted . . . until we have a final judgment."  The court granted the stay.

Whether this exchange can be interpreted as a request for a stay of the appearance period or a stay of entry of judgment, it is unseemly for Financial to now argue in this

---

[3]     We apparently do not have a complete record of the extension requests in this case.  Financial suggests the court extended the appearance period to or near the maximum extension permitted under section 1305.4 since the notice of forfeiture was mailed on November 23, 2010 and the motion to exonerate bail was heard on October 21, 2011.  Therefore, at the hearing on October 21, 2011, 33 days remained before the total appearance period of 365 days could have elapsed on November 23, 2011 if the full extension period were granted.  If Financial could have procured and produced the defendant within that time, bail would have been exonerated.

second appeal it did not actually request or take advantage of the stay and to further argue its former counsel was ignorant or did not know what he was doing. As a result of the stay, summary judgment was not entered and enforcement efforts under section 1306, subdivision (e) did not commence, just as Financial's counsel requested. Financial was not required to immediately pay the forfeited amount and it was not required to post a bond for its first appeal as it admits it would have been required to do if judgment was entered.

In reaching our conclusion, we bear in mind the law traditionally disfavors forfeiture and we must strictly construe the bail bond statutes to avoid "the harsh results of a forfeiture." (*County of Los Angeles v. American Contractors Indemnity Co.* (2007) 152 Cal.App.4th 661, 665-666.) This rule of strict construction represents concern "not so much for the bail bond companies, to whom forfeiture is an everyday risk of doing business, but for those who bear the ultimate weight of the forfeiture, family members and friends who have pledged their homes and other financial assets to the bonding companies to secure the defendant's release." (*Id*. at p. 666.) It is for this reason the statutory procedures imposed on the court and the prosecuting agencies in sections 1305 and 1306 require precision and timeliness. (*County of Los Angeles. v. Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 63.)

However, where the requirements of a statute "are primarily for the benefit of [a] defendant [they] may be waived." (*West Coast Constr. Co. v. Oceano Sanitary Dist.* (1971) 17 Cal.App.3d 693, 699 [participation in a preliminary injunction hearing set one day beyond the statutory limit estopped defendant from challenging validity of

11

injection].)  Similarly here, because the statutory deadlines are primarily for the benefit of the surety, it stands to reason a surety may, and did in this case, waive the statutory protections.

It smacks of gamesmanship for Financial to ask the trial court for the favor of a stay to seek an appeal and then, having obtained the favor of the stay, to argue the court lost jurisdiction to enter summary judgment because it had no authority to grant the stay requested.  We will not allow or condone this trifling with the court.  (*In re Griffin*, *supra*, 67 Cal.2d at p. 348; *Ranger*, *supra*, 70 Cal.App.4th at p. 19.)

III

*The Appeal Is Not Frivolous*

The People argues this appeal is "arguably frivolous" and "wholly without merit" because Financial failed to address the foregoing estoppel authorities in its opening brief.  It also pointed out Financial's current attorney, E. Alan Nunez, was previously sanctioned for bringing a frivolous appeal in a similar case where he asserted a court lacked jurisdiction to grant an extension request sought by the surety.

Because the People did not move for sanctions, on our own motion we notified the parties we were considering whether the appeal is frivolous and, if so, whether to impose sanctions against Financial and/or its counsel for filing and prosecuting a frivolous appeal.  We provided an opportunity for opposition and oral argument.  (Code Civ. Proc., § 907; Cal. Rules of Court, rule 8.276; *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [an appeal is frivolous when prosecuted for an improper motive or when it indisputably has no merit].)  The opposition provided by Nunez on behalf of Financial

12

recasted Financial's arguments on the merits and did little to address this court's concern regarding the failure to discuss pertinent authorities in the opening brief.

In *People v. Ranger Ins. Co.* (2002) 101 Cal.App.4th 605 (*Ranger II*), the Third District sanctioned Nunez and the surety $10,000 for failing to address three published cases applying estoppel to bail bond proceedings, even though Nunez was the attorney of record in each of the cases. (*Id.* at pp. 609-611 citing *Ranger I*, *supra*, 70 Cal.App.4th at pp. 18-19, *People v. National Automobile and Casualty Ins. Co.*, *supra*, 82 Cal.App.4th at pp. 124-127; *People v. Frontier Pacific Co. Insurance* (2000) 83 Cal.App.4th 1289, 1294 [surety who requested a hearing on its section 1304.5 motion for extension after expiration of the 185-day period was estopped from arguing the court lacked jurisdiction to enter the extension order].)

Contrary to Nunez's contention, he was not sanctioned solely for miscounting days. The court in that case concluded the appeal was frivolous in large part because he failed to address authorities directly adverse to his client's position. (*Ranger II*, *supra*, 101 Cal.App.4th at p. 611.)

Here Nunez failed to address the same estoppel cases in the opening brief even though the trial court based its denial of Financial's motion to set aside summary judgment on estoppel. He "fully anticipated" the People would rely on these estoppel authorities in the respondent's brief and "chose to await discussion of those cases in its reply brief."

Nunez attempted to distinguish these cases in the reply brief by arguing they involved requests for extensions of the appearance period rather than a stay. We conclude

13

this is a distinction without a difference. The effect of a request or stipulation to extend the appearance period beyond the statutory limit is the entry of summary judgment after expiration of 90-day time period permitted by section 1306, subdivision (c). As Financial admits, "[s]uch action on the part of the surety [is] tantamount to first telling the court that the extension of the 180-day period would not affect its power to enter summary judgment and later turning around and arguing that it had no power to enter summary judgment."

Similarly here, Financial's request to stay entry of judgment arguably resulted in entry of judgment after the 90-day time period. Financial's conduct in this case likewise told the court the stay would not affect its power to enter summary judgment, but it now argues the court had no power to stay the judgment or to enter summary judgment after the first appeal.

Each of the estoppel cases discussed *infra* held the entry of judgment beyond the 90-day period was an act " 'in excess of jurisdiction, and not outside the court's fundamental jurisdiction over the bail bond forfeiture' and therefore . . . the surety could be estopped from challenging the summary judgment." (*Accredited Surety*, *supra*, 220 Cal.App.4th at p. 1149.) These cases are dispositive.

Nunez also argues estoppel should not apply because Financial's former attorney was ignorant or mistaken about the law and Financial did not actually request or benefit from the stay. As we have discussed, the record is clear Financial's counsel did request a stay and Financial benefited from the stay. For the first time, in the sanctions opposition, Financial suggests its former attorney could have been requesting a stay of collection

14

proceedings, but not necessarily a stay of entry of judgment. This argument has no merit. Even if one could read counsel's request in this way (which we do not), at no time did Financial or its counsel correct the court when it stated it would enter a stay or when its minute order stated entry of judgment was stayed. This acquiescence estops Financial from now asserting a failure to timely enter summary judgment. (*Accredited Surety*, *supra*, 220 Cal.App.4th at p. 1150-1151.)[4]

We do not condone Nunez's briefing strategy in this case of choosing not to candidly discuss authorities adverse to his client's position in the opening brief. However, we agree there appear to be no cases directly addressing the application of estoppel to facts where the court was asked to enter a stay of entry of the summary judgment in bail proceedings. Therefore, under the circumstances, we decline to find the appeal "indisputably has no merit" or that no "reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty*, *supra*, 31 Cal.3d at p. 650.) As such, we will not impose sanctions.

---

[4]     We note Nunez failed to discuss *Accredited Surety*, *supra*, 220 Cal.App.4th 1137 in any briefing even though this recent case was cited by the People and even though Nunez was, again, counsel of record for the surety in that matter.

DISPOSITION

The judgment and the order denying the motion to set aside the judgment are affirmed.  Respondent is entitled to its costs on appeal.


McCONNELL, P. J.

WE CONCUR:

HALLER, J.

O'ROURKE, J.