[No. B177435. Second Dist., Div. Six. July 26, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
RANGER INSURANCE COMPANY, Defendant and Appellant.

COUNSEL

Brendan Pegg for Defendant and Appellant.

Noel A. Klebaum, County Counsel, and Joseph J. Randazzo, Assistant County Counsel, for Plaintiff and Respondent.

O<small>PINION</small>

**GILBERT, P. J.—**

#### OPINION ON REHEARING

A defendant is arrested outside the county in which his underlying case is located, within 180 days of notice of his bail forfeiture. Under such circumstances, Penal Code section 1305, subdivision (c)(3), provides that the court shall vacate the forfeiture and exonerate the bail.[1]

Here we hold the surety has no time constraints in which to move to exonerate the bond. We reverse the trial court's denial of the surety's motion to set aside summary judgment and exonerate the bond brought more than 185 days after the notice of forfeiture.

#### FACTS

Victor Manuel Guzman was arrested in Ventura County on drug-related charges. In October of 2003, he posted a bond in the amount of $50,000. Ranger Insurance Company (Ranger) was surety for the bond.

Guzman failed to appear for a hearing. The court declared the bond forfeited on November 3, 2003. Notice of forfeiture of the bond was mailed to Ranger on November 4, 2003. On November 4, 2003, Guzman was arrested in Santa Barbara County and held in the Santa Barbara County jail on the Ventura case.

Even though Guzman remained in custody, Ranger did not move to exonerate the bond.

On June 30, 2004, more than 185 days after the notice of forfeiture, the court entered summary judgment against Ranger on the bond.

On July 8, 2004, Ranger made a motion to vacate summary judgment and exonerate the bond. Ranger's theory in support of its motion is that Guzman's incarceration in another county required the court to exonerate the bond on its own motion.

#### DISCUSSION

██ Ordinarily, a surety must file a motion to exonerate the bond within 185 days of the mailing of the notice of forfeiture. (§ 1305, subds. (b) & (i).)

---

[1] All statutory references are to the Penal Code.

Ranger contends, however, section 1305, subdivision (c)(3), required the court to exonerate the bond on its own motion when Guzman was taken into custody.

Section 1305, subdivision (c) provides in part:

"(c)(1) If the defendant appears either voluntarily or in custody after surrender or arrest in court within 180 days of the date of forfeiture or within 180 days of the date of mailing of the notice if the notice is required under subdivision (b), the court shall, on its own motion at the time the defendant first appears in court on the case in which the forfeiture was entered, direct the order of forfeiture to be vacated and the bond exonerated. If the court fails to so act on its own motion, then the surety's or depositor's obligations under the bond shall be immediately vacated and the bond exonerated. . . .

"(2) If, within the county where the case is located, the defendant is surrendered to custody by the bail or is arrested in the underlying case within the 180-day period, and is subsequently released from custody prior to an appearance in court, the court shall, on its own motion, direct the order of forfeiture to be vacated and the bond exonerated. If the court fails to so act on its own motion, then the surety's or depositor's obligations under the bond shall be immediately vacated and the bond exonerated. . . .

"(3) If, outside the county where the case is located, the defendant is surrendered to custody by the bail or is arrested in the underlying case within the 180-day period, the court shall vacate the forfeiture and exonerate the bail."

Unlike section 1305, subdivision (c)(1) and (2), subdivision (c)(3) contains neither the requirement that the court act on its own motion, nor language of automatic exoneration. We disagree with Ranger's contention that such a requirement is implied in section 1305, subdivision (c)(3). Ranger's reliance on *County of Los Angeles v. National Automobile & Casualty Ins. Co.* (1998) 67 Cal.App.4th 271, 275 [79 Cal.Rptr.2d 5], and *People v. American Contractors Indemnity* (1999) 74 Cal.App.4th 1037, 1041–1042 [88 Cal.Rptr.2d 572], is misplaced. Both cases state that section 1305, subdivision (c)(1) through (3) require exoneration on the court's own motion. But these statements are dicta. Moreover, neither case analyzes the obvious difference in language between subdivision (c)(1) and (2), and subdivision (c)(3).

■ Section 1305, subdivision (c)(1) and (2), unmistakably show that when the Legislature wanted to provide for exoneration on the court's own motion or automatic exoneration, it knew how to do so. This, however, does

not square with the Legislative Counsel's Digest to a 1994 amendment to section 1305. The Digest states that the bill would require the court to vacate forfeiture and exonerate the bond if the defendant is surrendered or arrested outside the county where the case is located. (Legis. Counsel's Dig., Assem. Bill No. 3059 (1993–1994 Reg. Sess.); Stats. 1994, ch. 649, § 1, p. 3133.) Often, the Legislative Counsel's Digest is helpful in construing a statute. But when the plain words of the statute are unambiguous, they are the sole source of legislative intent, not the Digest.

■ Nevertheless, all is not lost for Ranger. Section 1305, subdivision (c)(3), does not require that a motion to exonerate the bail be brought within 180 days. And the Legislative Counsel's Digest, at the very least, evidences no intent that bail should be forfeited when the surety makes its motion to exonerate the bail beyond the 180 days. What is significant here is that the defendant was in custody within 180 days of the notice of forfeiture. In fact, it was within one day. Moreover, defendant was arrested and in custody on the case in which his bail was forfeited. The county has cited no cases, and we have found none, where under these circumstances the court loses jurisdiction when the surety does not move to vacate the forfeiture within 180 days.

Bail insures the accused's attendance at court proceedings. The surety is guarantor of defendant's presence. When defendant is in custody for the case in which bail is set, that guarantee is met. That is what happened here. Defendant "showed up," albeit not voluntarily. That is 100 percent success for the surety. The county does not gain a windfall.

The judgment is reversed. Costs are awarded to appellant.

Coffee, J., and Perren, J., concurred.

Respondent's petition for review by the Supreme Court was denied October 11, 2006, S146265.