[No. C053076. Third Dist. Dec. 21, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
LEXINGTON NATIONAL INSURANCE COMPANY, Defendant and
Appellant.

**COUNSEL**

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Robyn Truitt Drivon, County Counsel, and Stephen B. Nocita, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

MORRISON, Acting P. J.—Lexington National Insurance Company (Lexington) appeals from an order denying its motion to vacate the forfeiture and exonerate a bail bond and from the summary judgment entered in favor of Yolo County. Lexington contends, among other things, that the trial court erred in finding its motion was untimely because it was not filed within 185 days of the mailing of the notice of forfeiture. We disagree and shall affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Lexington posted bond in the amount of $30,000 for the release of defendant Robert Lewis Marriott in Yolo County case No. 05-1690. Defendant did not appear for sentencing, and the trial court issued a bench warrant and declared the bail forfeited pursuant to Penal Code section 1305.[1] The clerk mailed the notice of forfeiture to Lexington on June 21, 2005.

The 185th day from the date of mailing the notice of forfeiture was December 23, 2005.

On or before December 21, 2005, defendant was arrested in Sutter County and a hold was placed on him in Yolo County case No. 04-6766.

On December 27, 2005, Lexington filed a motion to vacate the forfeiture and exonerate the bond on the ground defendant was "in the custody of [the] Sutter County Sheriff on the underlying Yolo case" on December 21, 2005. Yolo County opposed the motion, arguing that it was untimely, and even if it were timely, defendant was not in custody in the underlying case because "the hold was in place for another Yolo County case . . . ." The trial court agreed on both counts and denied the motion on June 7, 2006. Summary judgment was entered against Lexington on June 20, 2006.

Meanwhile, defendant appeared in the underlying case on January 9, 2006, and was sentenced on January 31, 2006.

## DISCUSSION

■ "Section 1305 sets forth the provisions for vacating a forfeiture and exonerating a bond." (*People v. Accredited Surety & Casualty Co.* (2004) 132 Cal.App.4th 1134, 1138 [34 Cal.Rptr.3d 199].) Pursuant to section 1305, subdivision (a), "A court shall . . . declare forfeited the undertaking of bail . . . if, without sufficient excuse, a defendant fails to appear" as ordered.

---

[1] Undesignated section references are to this code.

Section 1305, subdivision (b) requires notice of the forfeiture be mailed to the surety if the amount of the bond exceeds $400, and states that "the 180-day period provided for in this section shall be extended by a period of five days to allow for the mailing." Section 1305, subdivision (c)(3), relied on by Lexington as the basis for its motion to vacate the forfeiture and exonerate the bond, provides: "If, outside the county where the case is located, the defendant is surrendered to custody by the bail or is arrested in the underlying case within the 180-day period, the court shall vacate the forfeiture and exonerate the bail." Section 1305, subdivision (h) specifies that, "As used in this section, 'arrest' includes a hold placed on the defendant in the underlying case while he or she is in custody on other charges." Finally, section 1305, subdivision (i) states that, "A motion filed in a timely manner within the 180-day period may be heard within 30 days of the expiration of the 180-day period."

Courts have consistently interpreted section 1305 as requiring that a surety move to have the forfeiture vacated within the 180-day period and have found that a court is without jurisdiction to vacate a forfeiture if a motion to vacate is not made within that period. (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 657 [16 Cal.Rptr.3d 76, 93 P.3d 1020] ["The surety that posted the bond then has a statutory 'appearance' period[2] in which either to produce the accused in court and have the forfeiture set aside, or to demonstrate other circumstances requiring the court to vacate the forfeiture"]; *People v. Alistar Ins. Co.* (2003) 115 Cal.App.4th 122, 125 [9 Cal.Rptr.3d 497] ["Sections 1305 and 1305.4 provide a 180-day period . . . within which a surety may obtain relief from forfeiture or exoneration of bail"]; *People v. Ranger Ins. Co.* (2002) 101 Cal.App.4th 605, 608 [124 Cal.Rptr.2d 359] ["Section 1305 provides for circumstances in which the surety may have the bail forfeiture set aside. It imposes a 180-day jurisdictional time limit (from the time of forfeiture) in which such relief can be granted"]; *People v. American Bankers Ins. Co.* (1991) 227 Cal.App.3d 1289, 1297 [278 Cal.Rptr. 314] ["since the 180-day period prescribed by section 1305 is jurisdictional, a court is powerless to vacate a forfeiture unless a motion for relief from forfeiture is made within that time frame"], overruled on other grounds by *People v. National Automobile & Casualty Ins. Co.* (2000) 82 Cal.App.4th 120, 126 [97 Cal.Rptr.2d 858]; *People v. Wilshire Ins. Co.* (1975) 45 Cal.App.3d 814, 817 [119 Cal.Rptr. 702] ["The burden is upon the bonding company seeking to set aside the forfeiture to establish" an excuse from forfeiture "within the limited period"].)

---

[2] The statutory appearance period is "[t]he 185 days after the date the clerk of the court mails a notice of forfeiture (180 days plus five days for mailing) to the appropriate parties." (*People v. American Contractors Indemnity Co., supra,* 33 Cal.4th at p. 658.)

Here, Lexington concedes it did not file its motion to vacate within the 185-day statutory period. Relying on *People v. Ranger Ins. Co.* (2006) 141 Cal.App.4th 867, 869 [46 Cal.Rptr.3d 448] (*Ranger*), Lexington claims it was not required to do so. In *Ranger*, Division Six of the Second Appellate District held that while "[o]rdinarily, a surety must file a motion to exonerate the bond within 185 days of the mailing of the notice of forfeiture," a surety moving for relief under section 1305, subdivision (c)(3) "has no time constraints in which to move to exonerate the bond." (*Id.* at p. 869.) The court reasoned: "Section 1305, subdivision (c)(3), does not require that a motion to exonerate the bail be brought within 180 days. And the Legislative Counsel's Digest, at the very least, evidences no intent that bail should be forfeited when the surety makes its motion to exonerate the bail beyond the 180 days. What is significant here is that the defendant was in custody within [one day] of the notice of forfeiture. . . . Moreover, defendant was arrested and in custody on the case in which his bail was forfeited. The county has cited no cases, and we have found none, where under these circumstances the court loses jurisdiction when the surety does not move to vacate the forfeiture within 180 days. [¶] Bail insures the accused's attendance at court proceedings. The surety is guarantor of defendant's presence. When defendant is in custody for the case in which bail is set, that guarantee is met. That is what happened here. Defendant 'showed up,' albeit not voluntarily. That is 100 percent success for the surety. The county does not gain a windfall." (*Ranger, supra*, at p. 871.)[3]

As we will explain, we decline to follow *Ranger* because its holding is at odds with the plain language of section 1305.[4]

■ As already noted, section 1305, subdivision (c)(3) provides: "If, outside the county where the case is located, the defendant is surrendered to custody by the bail or is arrested in the underlying case within the 180-day period, the court shall vacate the forfeiture and exonerate the bail." The *Ranger* court is correct that "Section 1305, subdivision (c)(3), does not require that a motion to exonerate the bail be brought within 180 days." (*Ranger, supra*, 141 Cal.App.4th at p. 871.) However, such a requirement is found in section 1305, subdivision (i), which provides that "A motion filed in a timely manner within the 180-day period may be heard within 30 days of the expiration of the 180-day period." Citing subdivision (i), the *Ranger* court acknowledged that "Ordinarily, a surety must file a motion to exonerate the bond within 185 days of the mailing of the notice of forfeiture . . . ," but held

---

[3] *Ranger, supra*, 141 Cal.App.4th 867 was decided after the trial court denied Lexington's motion to vacate the forfeiture and exonerate the bond.

[4] Because the trial court's conclusion that Lexington was required to file its motion to vacate the forfeiture and exonerate the bond within the 185-day statutory period raises an issue of statutory construction, we review it de novo. (*People v. American Bankers Ins. Co.* (1992) 4 Cal.App.4th 348, 350 [5 Cal.Rptr.2d 620].)

motions brought pursuant to section 1305, subdivision (c)(3) were exempt from this requirement. (*Ranger, supra,* at pp. 869, 871.) There is nothing in section 1305 to support this holding. To the contrary, section 1305, subdivision (i)'s reference to "motions" generally strongly suggests that the Legislature intended that all motions to vacate the forfeiture and exonerate a bond under section 1305 be filed within the statutory period.[5]

Such an intent is also evidenced in section 1306, subdivision (a), which provides in pertinent part: "When any bond is forfeited and the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture . . . *shall enter a summary judgment* against each bondsman named in the bond in the amount for which the bondsman is bound." (Italics added.) By requiring that courts enter summary judgment at the expiration of the statutory period, the Legislature clearly contemplated that motions to vacate the forfeiture and exonerate the bond, including those brought under section 1305, subdivision (c)(3), be brought prior to the expiration of the statutory period.

■ Thus, although defendant was in custody in the underlying case within the statutory period,[6] we cannot ignore the plain language of the statute. If the Legislature finds the failure to vacate the forfeiture and exonerate the bond unjust in such cases, it can amend the statute.

We note parenthetically that if Lexington needed additional time to move to vacate the forfeiture and exonerate the bond, it was not without a remedy. It could have moved to extend the statutory period by up to 180 days, provided it filed the motion before the original statutory period expired and demonstrated good cause for the extension—"a low threshold for the movant." (*People v. Accredited Surety & Casualty Co., Inc.* (2006) 137 Cal.App.4th 1349, 1358 [40 Cal.Rptr.3d 892]; see § 1305.4.) It failed to do so. Accordingly, its motion, which was filed beyond the statutory period, was untimely.

---

[5] The only exceptions to this requirement are "motions" under section 1305, subdivision (c)(1) and (2), which unlike subdivision (c)(3), (1) require the court vacate the forfeiture and exonerate the bond *"on its own motion"* in certain specified circumstances not at issue here, and (2) provide that "the surety's or depositor's obligations under the bond shall be immediately vacated and the bond exonerated" should the court fail to act on its own. (Italics added.)

[6] Because we conclude Lexington's motion to vacate the forfeiture and exonerate the bond was untimely, we need not decide whether the hold placed on defendant in Yolo County case No. 04-6766 constituted a hold in the underlying case such that defendant was "arrested in the underlying case" within the meaning of section 1305, subdivision (c)(3). For purposes of this appeal, we assume defendant was arrested in the underlying case within the statutory period.

## DISPOSITION

The order and judgment are affirmed. The People are awarded costs on appeal.

Robie, J., and Butz, J., concurred.