[No. B226807. Second Dist., Div. Two. Sept. 20, 2011.]

THE PEOPLE, Plaintiff and Appellant, v.
BANKERS INSURANCE COMPANY, Defendant and Respondent.

408

**409**

## COUNSEL

Andrea Ordin, County Counsel, Brian T. Chu and Melissa A. McCaverty, Deputy County Counsel, for Plaintiff and Appellant.

Law Offices of Brendan Pegg and Brendan Pegg for Defendant and Respondent.

OPINION

**DOI TODD, J.**—The trial court declared forfeited the bail bond posted by Bankers Insurance Company and entered summary judgment against Bankers. Bankers moved to set aside the forfeiture and judgment and to have its bail exonerated pursuant to Penal Code section 980, subdivision (b) (all statutory references shall be to the Penal Code), on the ground that the defendant's warrant was never entered into the national warrant database. The court granted the motion and exonerated bail. The County of Los Angeles appealed, contending that Bankers's motion was untimely and that it failed on the merits. We agree and reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 4, 2008, Bankers, through its agent, posted bail bond No. 5550357762 in the amount of $50,000 for the release of criminal defendant Donald Garrett. On September 9, 2009, Garrett failed to appear in court at a pretrial conference and the bail was declared forfeited. The minute order stated that Garrett was in custody in Sonoma County on another matter. The court ordered that a felony bench warrant be issued, but the warrant was never entered into the national warrant database, National Crime Information Center (NCIC). The court clerk mailed a notice of forfeiture to Bankers and its agent on September 10, 2009. The court noted in its September 9, 2009 minute order that 185 days from the date of notice of forfeiture was March 14, 2010.

On March 18, 2010, the court issued a demand for payment of bond. On April 26, 2010, the court granted the clerk's application for judgment, and entered summary judgment against Bankers on the forfeited bond. The clerk mailed notice of entry of judgment and demand for payment the same day.

On May 11, 2010, Garrett appeared in court with his attorney for arraignment, and the court recalled the bench warrant.

On May 26, 2010, Bankers served the county with a motion to vacate the forfeiture and summary judgment and to exonerate bail,[1] on the ground that the failure to enter the felony bench warrant for Garrett into the NCIC database prevented him from being held on this case while he was in custody

---

[1] The copy of the motion in the record is stamped as filed on June 23, 2010. In its respondent's brief, Bankers states "[i]t is unknown why the motion was not stamped as filed until June 23, 2010."

on another matter. The county opposed the motion on the grounds that it was untimely and that Bankers provided no evidence showing why Garrett could not otherwise be surrendered.

The court held a hearing on the motion on June 25, 2010. After hearing the arguments of counsel, the court granted the motion to vacate the forfeiture and summary judgment and ordered the bail exonerated. The court set forth its reasons: "Penal Code section 980(b) unambiguously tells the court, with jurisdiction over the bail, which includes this court, that upon petition, the court is to set aside the forfeiture and declare all liability on the bond to be exonerated. The County has not cited a statute or case that imposes a time limit on this, nor has the court's own research recovered such authority. The County is correct that the court must find that the failure to enter the bench warrant into NCIC prevented the fugitive from being taken into custody. However, it seems likely that if there's no NCIC warrant in the system for the other county to see, that there would be no arrest on it. So you can, therefore, say the lack of the warrant in NCIC prevented the defendant from being arrested on the warrant and transported to Los Angeles County." This appeal followed.

## DISCUSSION

### I. *Timeliness of Motion*

The county contends that Bankers's motion to vacate the forfeiture and summary judgment and to exonerate bail was untimely because "the motion should have been filed within the 185-day period specified in section 1305 and in the form of a motion to set aside bail forfeiture only."

█ Section 1305 essentially provides that if a defendant appears or is arrested in the underlying case within 180 days of the date of forfeiture,[2] the court shall vacate the forfeiture and exonerate the bail. If forfeiture has not been set aside within the 185-day period, the court then has 90 days to enter summary judgment against each bondsman named in the bond or the right to do so expires and the bail is exonerated. (§ 1306, subds. (a), (c).) "Section 1305 allows the surety 180 days, a generous period, to obtain relief by locating the defendant and bringing him or her to custody, or by showing the court that the defendant's absence is due to disability or out-of-state custody.

---

[2] If the amount of the bond exceeds $400, the clerk must mail the notice of forfeiture and five days is added to the 180-day period. (§ 1305, subd. (b).)

The surety may obtain an extension of the 180-day period upon a timely showing of good cause. (§ 1305.4.)" (*People v. Indiana Lumbermens Mutual Ins. Co.* (2010) 49 Cal.4th 301, 313 [110 Cal.Rptr.3d 4, 231 P.3d 909].)

Section 980, subdivision (b), pursuant to which Bankers brought its motion, provides: "The clerk shall require the appropriate agency to enter each bench warrant issued on a private surety-bonded felony case into the national warrant system (National Crime Information Center (NCIC)). If the appropriate agency fails to enter the bench warrant into the national warrant system (NCIC), and the court finds that this failure prevented the surety or bond agent from surrendering the fugitive into custody, prevented the fugitive from being arrested or taken into custody, or resulted in the fugitive's subsequent release from custody, the court having jurisdiction over the bail shall, upon petition, set aside the forfeiture of the bond and declare all liability on the bail bond to be exonerated."

Section 980, subdivision (b) does not set forth any time limits for seeking relief under its provisions, nor does it refer to section 1305 or any other Penal Code section. The county cites no authority to support its position that the 185-day period for seeking relief from forfeiture under section 1305 applies to motions seeking relief under section 980. Nevertheless, we agree with the county that Bankers should have sought relief in the form of a motion to set aside forfeiture of bail, and that it should have done so within the 185 days set forth in section 1305 or sought an extension.

We do not believe the Legislature intended that a motion for relief under section 980 may be brought at any time, as Bankers asserts. While appearing under different titles of the Penal Code, sections 980 and 1305 both deal with forfeiture of bail bonds. "In interpreting a statutory scheme our function is to ascertain the intent of the Legislature so as to effectuate the purpose of the law." (*People v. National Automobile & Casualty Ins. Co.* (2002) 98 Cal.App.4th 277, 282 [119 Cal.Rptr.2d 746].) We must construe the statutory language in the context of the statutory framework as a whole, keeping in mind the policies and purposes of the statutory scheme. (*Ibid.*)

In *People v. Indiana Lumbermens Mutual Ins. Co., supra*, 49 Cal.4th 301, our Supreme Court addressed the issue of when motions to set aside bail forfeiture under section 1305, subdivision (c)(3) must be made. The court noted that section 1305 treats a defendant's appearance or return to custody in the county where the case was filed differently than a return to custody outside the county. If the defendant appears within the county within 180

days of forfeiture, the court is required on its own motion to set aside the forfeiture of bail and exonerate the bond, or exoneration becomes immediate. (§ 1305, subd. (c)(1) & (2).) On the other hand, if the defendant is returned to custody outside the county, the court is not directed to act on its own motion and there is no provision for immediate exoneration. (*People v. Indiana Lumbermens Mutual Ins. Co., supra*, at p. 305.) Reviewing the context of the statute as a whole and the legislative history behind it, the court held that a motion under section 1305, subdivision (c)(3) must be filed within the 185-day period. (*People v. Indiana Lumbermens Mutual Ins. Co., supra*, at p. 312.)

Nothing in the statutory framework suggests that the deadline for bringing a motion for relief from forfeiture depends on the particular grounds for relief. Indeed, as our Supreme Court noted, because "summary judgment is to be entered against the surety after the expiration of the 180-day period unless the forfeiture of bail has been set aside. . . . It follows from this requirement that the surety must seek relief from forfeiture before the 180-day period lapses." (*People v. Indiana Lumbermens Mutual Ins. Co., supra*, 49 Cal.4th at p. 313, citations omitted.)

An order setting aside a bail forfeiture is not automatic upon the failure to enter the bench warrant into NCIC. Section 980 expressly requires that a motion for relief be filed. As the county notes, the only construction of section 980 that conforms to the bail bond scheme is one which dictates that a motion for relief be filed within the 185-day period set forth in section 1305.

Because Bankers did not file its motion for relief within 185 days of the date of mailing of the notice of forfeiture, its motion was untimely and the trial court had no authority to grant the motion. The order setting aside the bail forfeiture and summary judgment and exonerating the bail is therefore reversed.

## II. *Merits of Motion*

Even if Bankers's motion were deemed timely filed, the motion should still have been denied on substantive grounds because Bankers offered no evidence showing that the failure to enter the warrant into the NCIC database prevented Bankers or its agent from surrendering Garrett or having him arrested or held.

It is undisputed that Garrett was in custody in Sonoma County on unrelated charges from before the forfeiture of bail through the time Bankers's motion was heard. His location was noted in the minutes of the September 9, 2009

hearing. As such, the trial court, the district attorney and the defense attorney all had notice of his whereabouts throughout this case. Indeed, he was brought to court for arraignment on May 11, 2010. We agree with Bankers that it was not obligated to inform the court or the parties of something they already knew, i.e., Garrett's whereabouts, and that it had no authority to physically remove Garrett from custody and bring him to court. But Bankers did not provide any evidence that the failure itself to enter the bench warrant into NCIC prevented Bankers from securing Garrett's appearance or arrest within the 185-day timeframe.

Section 980 provides relief from forfeiture only if the court *finds* that the failure to enter the warrant into NCIC *prevented* the surety from complying with its obligations. If the Legislature had intended that relief be granted whenever a warrant is not entered into NCIC, it could have easily so provided, and the language requiring a finding of prevention would not have been included. It is clear from the statute that in order to obtain relief from forfeiture the surety must prove that the failure to enter the warrant into the database prevented the defendant's surrender or arrest.

Bankers provided no evidence that it took any steps during the 185-day period to surrender or secure Garrett's arrest. The facts here stand in stark contrast to *People v. American Contractors Indemnity Co.* (1999) 76 Cal.App.4th 1408 [91 Cal.Rptr.2d 301]. There, a bench warrant was not entered into NCIC. An investigator for the bail agent recognized and detained the defendant, who had with him two different forms of identification with the same name but different photos. (*Id.* at p. 1411.) When police officers arrived, the investigator produced a certified copy of the bail bond and photos of the defendant. At the scene the officers also obtained a photo of the defendant from the sheriff's department, but were unable to make a positive identification and refused to fingerprint the defendant. (*Ibid.*) When the officers ran a warrant check on the defendant, no warrant appeared in the system and the officers refused to arrest the defendant. They also warned the investigator to release the defendant. (*Ibid.*) These facts were sufficient to support a finding that the failure to enter the warrant into NCIC prevented the defendant's arrest, and the reviewing court reversed the trial court's denial that the forfeiture be set aside and the bond exonerated. (*Id.* at p. 1418.)

Because Bankers made no showing that the failure to enter the warrant into NCIC prevented it from performing its obligations the trial court had no factual basis to grant the motion, and as a matter of law, should have denied the motion to set aside the forfeiture and summary judgment and to exonerate bail.

## DISPOSITION

The trial court's order setting aside the forfeiture and summary judgment and exonerating the bail bond is reversed. The trial court is directed to enter an order denying Bankers's motion for relief. The county is entitled to recover its costs on appeal.

Boren, P. J., and Ashmann-Gerst, J., concurred.