Filed 8/24/20  P. v. Fuentes CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANDREW FUENTES,<br><br>        Defendant;<br><br>BANKERS INSURANCE<br>COMPANY, et al.,<br><br>        Real Parties in Interest<br>        and Appellants. | A158115<br><br>(San Mateo County<br>Super. Ct. No.<br>19CIV02860/SM399227A) |

Bankers Insurance Company, through its agent Le Bail Bonds (collectively Bankers Insurance) appeals from the trial court's denial of a motion to vacate forfeiture and exonerate bail, and the subsequent entry of summary judgment.  We affirm.

### BACKGROUND

After Bankers Insurance posted a bond for the release of defendant Andrew Fuentes, the bail was forfeited because Fuentes failed to appear in San Mateo County Superior Court.  The trial court granted Bankers Insurance an extension of time until April 1, 2019, in which to attempt to locate Fuentes and move for relief from the forfeiture.

1

According to Bankers Insurance, its bail agent subsequently located Fuentes in Ohio. The agent brought Fuentes to the local police department, which arrested him on a warrant and released him from custody after the warrant was cleared. A few days later, counsel for Bankers Insurance notified the San Mateo County district attorney's office that Fuentes had been located and asked whether they wished to pursue his extradition to California. The district attorney's office responded that they would not extradite him.

On the last day of the extended appearance period, Bankers Insurance filed a timely motion to vacate the forfeiture and exonerate bail, citing Penal Code section 1305, subdivision (g).[1] The motion was supported by an unsworn statement from a bail agent, but the agent failed to certify the contents of the statement under penalty of perjury. In addition, the motion included a document purporting to be a form affidavit by a peace officer certifying that the defendant's identify had been verified. However, the document was signed by the bail agent, rather than a law enforcement officer, and failed to list the defendant's name. The motion also contained the notice to the district attorney and evidence that the district attorney had elected not to extradite Fuentes.

The People opposed the motion. Bankers Insurance then filed a reply brief that asserted for the first time the applicability of section 1305, subdivision (f). Bankers Insurance subsequently filed supplemental evidence in support of its motion, which included a police incident report indicating that Fuentes had been brought into the Ohio police station by a bondsman. The report also indicated that Fuentes was arrested on a warrant and released after the warrant cleared.

---

[1] Undesignated statutory references are to the Penal Code.

After hearing oral argument, the trial court summarily denied the motion and entered summary judgment against Bankers Insurance.

## DISCUSSION

### A.

As our Supreme Court has explained, "[a] surety undertakes to guarantee the [criminal] defendant's timely appearance in court.  If the defendant fails to appear, the surety is contractually obligated to the government in the amount of its bond."  (*People v. Indiana Lumbermens Mutual Ins. Co.* (2010) 49 Cal.4th 301, 313 (*Indiana Lumbermens*).)  Pursuant to section 1305, the surety has 180 days "to obtain relief [from forfeiture] by locating the defendant and bringing him or her to custody, or by showing the court that the defendant's absence is due to disability or out-of-state custody." (*Indiana Lumbermens*, *supra*, at p. 313.)

Two provisions of section 1305 dealing with defendants located out-of-state are relevant here.  Section 1305, subdivision (f) provides in pertinent part that "[i]n all cases where a defendant *is in custody* beyond the jurisdiction of the court that ordered the bail forfeited, and the prosecuting agency elects not to seek extradition after being informed of the location of the defendant, the court shall vacate the forfeiture and exonerate the bond on terms that are just." (§ 1305, subd. (f), italics added.)  Section 1305, subdivision (g) provides in pertinent part that "[i]n all cases of forfeiture where a defendant *is not in custody* and is beyond the jurisdiction of the state, *is temporarily detained, by the bail agent*, in the presence of a local law enforcement officer of the jurisdiction in which the defendant is located, and is positively identified by that law enforcement officer as the wanted

3

defendant in an affidavit signed under penalty of perjury, and the prosecuting agency elects not to seek extradition after being informed of the location of the defendant, the court shall vacate the forfeiture and exonerate the bond on terms that are just." (§ 1305, subd. (g), italics added.)

We review the trial court's "denial of a motion to vacate a bond forfeiture and to exonerate the bond for an abuse of discretion." (*People v. Financial Casualty & Surety Inc.* (2017) 10 Cal.App.5th 369, 378-379.) "To the extent the trial court's ruling rests on statutory interpretation, our review is de novo and we must, where feasible, strictly construe the statutory language ' " ' in favor of the surety to avoid the harsh results of a forfeiture.' " ' " (*Id.,* at p. 379)

**B.**

On appeal, Bankers Insurance has abandoned its argument that section 1305, subdivision (g) governs this case, and it does not dispute that it failed to support its motion with an affidavit from a law enforcement officer positively identifying Fuentes under penalty of perjury, as is required to obtain relief pursuant to section 1305, subdivision (g). Instead, although it failed to request relief based on section 1305, subdivision (f) in its motion, Bankers Insurance asserts that the trial court erred in refusing to grant relief pursuant to that subdivision because the gravamen of its motion was that the defendant was in custody in another state and the prosecutor declined to extradite him.

However, as counsel for Bankers Insurance candidly acknowledged in the trial court hearing, its "motion was initially brought under [section] 1305(g)." Nowhere in its motion did Bankers

4

Insurance cite section 1305, subdivision (f), or otherwise argue that it was entitled to relief because the defendant was in custody in another state.  (Compare *People v. Lexington National Ins. Corp.* (2010) 181 Cal.App.4th 1485, 1490-1491 (*Lexington Nat'l*) [where motion to vacate forfeiture timely asserted the relevant ground for relief and facts, the motion adequately raised the issue despite failure to cite the correct subdivision of section 1305].)  Understandably then, the People's opposition argued that Bankers Insurance had failed to satisfy the requirements of section 1305, subdivision (g), but did not address subdivision (f).

Accordingly, we are constrained by our standard of review. Although Bankers Insurance raised its argument for relief based on section 1305, subdivision (f) in its reply brief, the trial court was not required to consider the belated argument.  Trial courts have discretion to decline to "consider arguments first raised in a reply brief because of the potential unfairness to the opposing party, who is deprived of the opportunity to respond to the new argument."  (*Contractors' State License Bd. v. Superior Court* (2018) 23 Cal.App.5th 125, 131; see also *St. Mary v. Superior Court* (2014) 223 Cal.App.4th 762, 783 [trial court will not consider " ' points raised in a reply brief for the first time . . . unless good cause is shown for the failure to present them before ' "]; *Plenger v. Alza Corp.* (1992) 11 Cal.App.4th 349, 362 at fn. 8 [trial courts should permit additional matter to be submitted with reply brief only in "the exceptional case"].)  The People objected to the late theory, urging the court to "disregard that argument," and Bankers Insurance provided no explanation for waiting until its reply to assert it.  Under these circumstances, we cannot say that the trial court's denial of the

5

motion was an abuse of discretion.  (See, e.g., *Kuchins v. Hawes*, 226 Cal.App.3d 535, 541 [under abuse of discretion review, "[a]n appellate court may reverse the trial court's decision only if . . . no reasonable judge could have reached the same result"];  Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2019) ¶ 8:18 ["Because of the presumption of correctness, judgments and orders are sometimes affirmed on the assumption the trial judge . . . decided an issue in a particular way, even though this may not actually have occurred."].)

Bankers Insurance mistakenly relies on *People v. Far West Ins. Co.* (2001) 93 Cal.App.4th 791 (*Far West*) for the proposition that it substantially complied with section 1305.  *Far West* held that where "a California fugitive admitted to bail, apprehended and held in custody in another state, is released as a result of errors committed solely by officials of the demanding county government and the surety has done all that is required of it under the terms of the bond," the surety was entitled to vacatur of the forfeiture despite technical noncompliance with section 1305, subdivision (g) or (f).  (*Far West, supra,* at p. 798.)  While the surety in *Far West* did "all that [wa]s required of it" (*id*.), the same cannot be said of Bankers Insurance.  Bankers Insurance provided an unsworn statement from a bail agent; submitted an incomplete document purporting to be an affidavit from a peace officer but in fact signed by the bail agent; waited until its reply brief to raise its section 1305, subdivision (f) argument; and provided no competent evidence that Fuentes was in "custody" in another state, even considering the evidence submitted after filing its reply brief, when the appearance period had expired.  *Far West* is thus inapposite.

Bankers Insurance argues that the trial court is required to grant relief once the requirements of section 1305, subdivision (f) are met. (See, e.g., *Lexington Nat'l, supra,* 181 Cal.App.4th at p. 1490 [under section 1305, "[a]ll directions to the court as to its duties are mandatory, and an act beyond those constraints is in excess of jurisdiction"].) However, the mandatory nature of relief does not excuse a party from complying with procedural requisites. (See, e.g., *Indiana Lumbermens, supra*, 49 Cal.4th at p. 313 ["[I]t is incumbent on the surety to bring a motion for relief from forfeiture. The deadlines and procedures for seeking relief have been tailored to accommodate the interests of the surety, which appropriately bears the burden of compliance with the statutory requirements."]) Neither do equitable principles excuse the surety's unexplained failure to timely assert the relevant claim for relief.

For similar reasons, we decline to exercise our own discretion to consider Bankers Insurance's section 1305, subdivision (f) argument for the first time. (See *Lexington Nat'l, supra,* 181 Cal.App.4th at pp. 1491-1492 [appellate court may consider a theory presented for the first time on appeal where the issue presents a legal question and the facts are undisputed].) Even were we to reach the merits of the argument, we would have no reason to accept as true Bankers Insurance's assertion that Fuentes was "in custody beyond the jurisdiction of the court." (§ 1305, subd. (f).) Even if we accepted its belated evidence as competent, we doubt Bankers Insurance would be entitled to relief given that Fuentes was released the same day he was allegedly arrested by the Ohio authorities and therefore was no longer in "custody" at the time the prosecutor declined to extradite him. (See

7

*People v. Accredited Surety & Casualty Co.* (2004) 132 Cal.App.4th 1134, 1146 [where defendant "was released from custody before the prosecuting agency was informed of his whereabouts," section 1305, subdivision (f) was "inapplicable" because it "requires a defendant to be in custody when the prosecuting agency elects not to prosecute"]; compare § 1305, subd. (f) [applying in "cases where a defendant *is in custody* . . . , and the prosecuting agency elects not to seek extradition"] with § 1305, subd. (c)(2) [applying to situations in which the defendant "is arrested . . ., and is subsequently released from custody"].) However, we need not resolve this question in light of our conclusion that the trial court's presumed decision to disregard Bankers Insurance's belated theory was not an abuse of discretion.

### DISPOSITION

The judgment and order denying the motion to vacate bond forfeiture and exonerate bail are affirmed. The People are awarded costs on appeal.

_____
BURNS, J.

We concur:

_____
JONES, P.J.

_____
SIMONS, J.

A158115