Filed 4/29/22  P. v. Lexington National Ins. Co. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B303868 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA099064) |
| v. | |
| LEXINGTON NATIONAL INSURANCE COMPANY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Francis B. Bennett and Victoria B. Wilson, Judges.  Affirmed.

Law Offices of Brendan Pegg and Brendan Pegg for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Stephen Watson, Deputy County Counsel, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Lexington National Insurance Company appeals from the denial of its motion to vacate forfeiture and exonerate its bond.

We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant is a surety that posted a $50,000 bond (bond No. 2018DD009419) for Suzen Browne who had been charged with numerous felonies, including burglary. Browne is not a party to this appeal. On October 24, 2018, Browne failed to appear in court. The superior court declared the bond forfeited and issued a bench warrant for Browne. Defendant obtained an extension of time within which to return Browne to custody through November 20, 2019.

Shortly before the extended appearance date expired, defendant filed a motion to vacate the forfeiture and exonerate its bond. The motion was based on the declaration of defendant's agent that Browne had been taken into custody in Pennsylvania for an offense committed there but had been released, purportedly because there were no active warrants for Browne in the National Crime Information Center (NCIC). At the hearing on defendant's motion, the district attorney's office presented a document and represented that it was a printout from NCIC showing that the warrant for Browne had been entered on October 24, 2018. The court denied defendant's motion.

Defendant filed a motion for reconsideration. The motion contained the same exhibits as the original motion but added a copy of the NCIC printout and a declaration from defendant's counsel containing hearsay conversations with authorities in the Pennsylvania jail system who said they did not, as a matter of policy, place holds for out-of-state warrants that are listed as

"No Extradition." Defendant argued the NCIC printout showed that Browne's warrant entry included the designation "No Extradition – Instate Pick-Up Only."

At the hearing on the reconsideration motion, the district attorney's office reaffirmed for the court that the warrant for Browne had been entered into NCIC on October 24, 2018. Defense counsel submitted without further argument. The court denied the motion for reconsideration.

This appeal followed.

## DISCUSSION

### 1. Scope of Appeal

It is undisputed the notice of appeal from the November 22, 2019 order denying the motion to vacate forfeiture was timely filed. Plaintiff contends the order denying reconsideration is not within the scope of this appeal because it was not mentioned in the notice of appeal. Plaintiff is incorrect.

The motion for reconsideration is reviewable in connection with defendant's appeal of the denial of the original motion (Code Civ. Proc., § 1008, subd. (g) ["An order denying a motion for reconsideration made pursuant to subdivision (a) is not separately appealable. However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order."].)

Plaintiff was not misled or prejudiced as the notices designating the clerk's and reporter's transcripts identified the materials related to both the original motion to vacate and the motion for reconsideration. As plaintiff acknowledges, notices of appeal are liberally construed. (*Walker v. Los Angeles County*

3

*Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 20; see also Cal. Rules of Court, rule 8.100(a)(2).)

## 2. The Motion to Vacate Forfeiture and Exonerate Bond

We ordinarily review a trial court's resolution of a motion to vacate forfeiture and exonerate a bail bond under the deferential abuse of discretion standard. (*County of Orange v. Lexington Nat. Ins. Corp.* (2006) 140 Cal.App.4th 1488, 1491.) However, "[t]o the extent the trial court's ruling rests on statutory interpretation, our review is de novo and we must, where feasible, strictly construe the statutory language ' " 'in favor of the surety to avoid the harsh results of a forfeiture.' " ' " (*People v. Financial Casualty & Surety, Inc.* (2017) 10 Cal.App.5th 369, 379 (*Financial Casualty*).) And, to the extent the court's ruling rests on questions of fact, we apply the substantial evidence test. (*Ibid.*) It is defendant's burden as the surety to affirmatively demonstrate the statutory prerequisites to an order vacating a bond forfeiture were satisfied. (*Ibid.*)

Defendant says the facts are undisputed and the appeal presents the purely legal question of interpreting the statutory language of Penal Code section 980, subdivision (b). Defendant concedes the warrant for Browne was entered in NCIC but that it was entered with a "No Extradition – Instate Pick-Up Only" designation that rendered it useless outside California. Defendant argues the Legislature could not have intended for section 980 to be read in a manner that would allow prosecuting agencies to enter warrants in such a way that defeats the purpose of ensuring fugitives are held and returned to the jurisdictions where they are being prosecuted.

Penal Code section 980, subdivision (b) provides that "[t]he clerk shall require the appropriate agency to enter each bench warrant issued on a private surety-bonded felony case into the national warrant system (National Crime Information Center (NCIC)). If the appropriate agency fails to enter the bench warrant into the national warrant system (NCIC), and the court finds that this failure prevented the surety or bond agent from surrendering the fugitive into custody, prevented the fugitive from being arrested or taken into custody, or resulted in the fugitive's subsequent release from custody, the court having jurisdiction over the bail shall, upon petition, set aside the forfeiture of the bond and declare all liability on the bail bond to be exonerated."

Here, it is undisputed the warrant was entered into NCIC on October 24, 2018. Given the plain, unambiguous language of the Penal Code section 980, subdivision (b), the trial court therefore correctly denied defendant's motion because there was no failure by the prosecuting agency to enter the Browne warrant into the system. (*Financial Casualty*, *supra*, 10 Cal.App.5th at p. 379 ["plain language is controlling"].)

The NCIC printout provided by the district attorney's office shows the entry for the Browne warrant contained additional information, including "No Extradition – Instate Pick-Up Only," and "Confirm Warrant and Extradition with ORI" and identified the originating agency as the Redondo Beach Police Department with a contact phone number.

Defendant argues the inclusion of this additional language should be treated as the equivalent of no entry in the NCIC system at all because it rendered the warrant "absolutely ineffective outside California." According to defendant, Penal

5

Code section 980 would be "rendered meaningless by a simple manipulation of the warrant designation" that suggests the fugitive is "actually NOT WANTED."

We do not agree. Penal Code section 980, subdivision (b) provides for exoneration of bonds where there has been a *failure to enter a warrant* in the system *and* an affirmative showing by the surety that the failure prevented the surety from securing the surrender or arrest of the fugitive. (*People v. Bankers Ins. Co.* (2011) 199 Cal.App.4th 407, 414 ["It is clear from the statute that in order to obtain relief from forfeiture the surety must prove that the failure to enter the warrant into the database prevented the defendant's surrender or arrest."].)

Here, the warrant was entered in the system. The hearsay evidence from Pennsylvania does not prove there was no warrant in the system, and there was no finding, and no basis for a finding, that the absence of a warrant prevented the surety from fulfilling its obligations. If anything, the policy of the Pennsylvania county jail prevented the surety from securing the surrender of the fugitive, and that provides no basis to vacate the forfeiture.

There is no statutory requirement that the warrant permit extradition. Penal Code section 1305 provides a remedy to seek relief from forfeiture when the defendant is beyond the jurisdiction of the California courts. There would be no need for the remedy afforded by section 1305 if, as defendant contends, the Legislature intended section 980 to preclude "No Extradition" warrants.

**DISPOSITION**

The order denying Lexington National Insurance Company's motion to vacate forfeiture and exonerate bond is affirmed.

GRIMES, Acting P. J.

WE CONCUR:

STRATTON, J.

HARUTUNIAN, J.*

---

\* Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.